IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **MICHAEL ROSS**, | Case No. 1:13 CV 1420 |
| Petitioner, | Judge Donald Nugent |
| v. | REPORT AND RECOMMENDATION |
| **JASON BUNTING, WARDEN,** | |
| Respondent. | Magistrate Judge James R. Knepp II |

### INTRODUCTION

This action is initiated by *pro se* Petitioner Michael Ross, a prisoner in state custody, seeking a writ of habeas corpus under 28 U.S.C. § 2254 ("Petition"). (Doc. 1). Respondent Warden Jason Bunting filed a Motion to Dismiss (Doc. 15), which Petitioner opposed (Doc. 16). On February 27, 2014, Petitioner filed a Judicial Notice, updating the Court with ongoing state court proceedings. (Doc. 17). This matter has been referred to the undersigned for a Report and Recommendation pursuant to Local Rule 72.2(b)(2). (non-document entry dated July 15, 2013). For the reasons discussed below, the undersigned recommends the Petition be dismissed without prejudice.

### FACTUAL BACKGROUND

At this time, a complete review of the factual background is premature. Therefore, the undersigned summarizes only those portions of the record which are relevant to the instant decision.

Petitioner is being held in state prison pursuant to a judgment of conviction issued by the Lorain County Court of Common Pleas for engaging in a pattern of corrupt activity, conspiracy,

money laundering, bribery, having an unlawful interest in a public contract, and filing incomplete, false, or fraudulent tax returns. (Doc. 15-1, at 87-88).

Petitioner filed an appeal in the Ninth District Court of Appeals, which affirmed in part and remanded in part the trial court's judgment. (Doc. 15-2, at 141); *State v. Ross*, 2012-Ohio-536 (Ohio App. 2012). The Ninth District remanded Petitioner's case for the trial court to consider an allied offense issue (Ground Nine of the Petition) and resentence Petitioner. (Doc. 15-2, at 194, 225); *Ross*, *supra*. Moreover, the appellate court declined review of a multiplicity claim (Ground Two of the Petition), because it depended on resolution of the allied offense issue. (Doc. 15-2, at 229); *Ross*, *supra*. Petitioner does not dispute that two counts in his Petition for habeas corpus are unexhausted because the Ohio state courts are still adjudicating his sentencing claim. (Doc. 17, at 2).

Respondent has moved to dismiss the Petition as a mixed petition, comprised of both exhausted and unexhausted claims. (Doc. 15). Petitioner asks the court to stay and abey the Petition pending resolution of ongoing state court proceedings. (Docs. 16, 17).

## DISCUSSION

Generally, a pre-requisite to federal habeas review is exhaustion of claims in state court. 28 U.S.C. § 2254(b). To satisfy this requirement, a petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the [s]tate's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). The exhaustion requirement is satisfied when the highest court in the state has been given a full and fair opportunity to rule on the petitioner's claims. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). However, exhausting state remedies is not a precondition to filing a federal habeas petition, but rather a condition that must be fulfilled before relief may be granted. 28 U.S.C. § 2254(c).

The Petition here is a "mixed petition"; that is, one containing both exhausted and unexhausted claims. 28 U.S.C. § 2254(b); *see also Rose v. Lundy*, 455 U.S. 509, 515-16 (1982). Procedurally, a mixed petition allows district courts four options: "(1) dismiss the petition in its entirety; (2) stay the petition and hold it in abeyance while the petitioner returns to state court to raise his unexhausted claims; (3) permit the petitioner to dismiss the unexhausted claims and proceed with the exhausted claims; or 4) ignore the exhaustion requirement altogether and deny the petition on the merits if none of petitioner's claims has any merit." *Harris v. Laffler*, 553 F.3d 1028, 1031-32 (6th Cir. 2009) (citing *Rhines*, 544 U.S. at 274-75, 278; 28 U.S.C. § 2254(b)(3) (emphasis in original)).

A federal court may exercise its "limited discretion" in holding a petition in abeyance if the petitioner meets the criteria set forth in *Rhines,* 544 U.S. at 275 ("rather than dismiss the mixed petition pursuant to *Lundy*, a district court might stay the petition and hold it in abeyance while the petitioner returns to state court to exhaust his previously unexhausted claims."). The procedure is available in very "limited circumstances" and is only appropriate: 1) when there is good cause for failure to exhaust in state court; 2) when the unexhausted claims are potentially meritorious; and 3) when there is no indication the petitioner engaged in intentionally dilatory litigation tactics. *Id*. at 277-78.

In this case, the Petition should be dismissed without prejudice because final judgment has not yet been entered against Petitioner. To this end, the Sixth Circuit has found judgment does not become final until the "conclusion of direct review of a new sentence received at sentencing." *Rashad v. Lafler*, 675 F.3d 564, 569 (6th Cir. 2012). It follows that a petitioner's grounds for relief will not become time-barred until one year after the date his new sentence becomes final. *Compare Johnson v. Jones*, 2013 U.S. Dist. LEXIS 145434, at *8 (N.D. Ohio

3

2013) (adopting magistrate judge's recommendation in *Johnson v. Coleman*, 2013 U.S. Dist. LEXIS 145433 (N.D. Ohio) to dismiss a mixed petition without prejudice in lieu of staying and abeying because the statute of limitations did not run until a new sentence imposed at resentencing became final); *with Bachman v. Bagley*, 487 F.3d 97 9, 983-84 (6th Cir. 2007) (finding the statute of limitations began when the petitioner's sentence *and* conviction became final on direct appeal and did not restart when the petitioner was resentenced under a new sexual predator law).

Here, the Petition is mixed, with both exhausted and unexhausted claims. (Docs. 15, 17). Further, Petitioner does not yet have a final sentence entered against him; rather, the Ninth District Court of Appeals ordered a resentencing hearing. *See Eberle v. Warden, Mansfield Corr. Inst.*, 532 F. App'x 605, 610 (2013) (suggesting a resentencing that is not for a technical error and is issued following a resentencing hearing will be a new sentence from which the statute of limitations begins). The undersigned agrees with the Respondent's argument that Petitioner is in no danger of the statute of limitations expiring before he returns to federal court at this point. This is because his asserted grounds for relief will not become time-barred until one year after the date his new sentence becomes final.

## CONCLUSION AND RECOMMENDATION

Following review, the undersigned recommends the Respondent's Motion to Dismiss (Doc. 15) be granted and the Petition be dismissed without prejudice pending exhaustion of Petitioner's claims in state court.

 s/James R. Knepp, II
United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of service of this notice. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *U.S. v. Walters*, 638 F.2d 947 (6th Cir. 1981).