IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHEN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL ROSS, | ) | |
| | ) | |
| | ) | CASE NO. 1: 13-CV-1420 |
| Petitioner, | ) | |
| | ) | |
| | ) | |
| v. | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| | ) | Magistrate Judge Knepp |
| JASON BUNTING, Warden, | ) | |
| | ) | |
| | ) | MEMORANDUM OPINION |
| Respondent. | ) | |
| | ) | |

This matter comes before the Court upon the Report and Recommendation of Magistrate Judge James R. Knepp II. (Docket #18.) On June 27, 2013, Michael Ross (hereinafter "Petitioner") filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Docket #1.) The Magistrate Judge recommends that the Petition be dismissed, without prejudice, pending resolution of Petitioner's ongoing State Court proceedings.

**Factual and Procedural Background**

As set forth by the Magistrate Judge, the factual and procedural history of this case is as follows:

> In 2005, a Lorain County grand jury returned a twenty-two count indictment against Petitioner. In 2006, a supplemental indictment was filed, charging Petitioner with eighteen additional counts. Lorain County Court of Common Pleas Judge Judith Cross reorganized and renumbered the Indictment as follows: two counts of engaging in a pattern of corrupt activity, two counts of conspiracy, four counts of money laundering, three counts of bribery, eight counts of having an unlawful interest in a public contract, and three counts of failing to file a tax return.
> A jury trial began on November 9, 2009, and three additional counts were dismissed before jury deliberations: one count of unlawful interest in a public contract, and two counts of incomplete, false, and fraudulent tax returns. On November 17, 2009, the jury found Petitioner guilty on the remaining nineteen counts. Petitioner was

sentenced to a total of nine and one-half years in prison, and is currently being held in state prison, pursuant to the judgment of conviction.

(Docket # 15-1, at 51-91).

Petitioner filed an appeal in the Ninth District Court of Appeals, raising the following ten assignments of error:

> Assignment of Error I:
> Counts One and Two of the Indictment are insufficient to charge the offense of engaging in a pattern of corrupt activity because each fails to set forth the acts which are alleged to constitute the pattern of corrupt activity.
>
> Assignment of Error II:
> The Indictment is multiplicitous in violation of Petitioner's Due Process rights under the Fifth and Fourteenth Amendments to the United States Constitution, and Article I § 10 of the Ohio State Constitution.
>
> Assignment of Error III:
> The trial Court erred in denying Petitioner's Motion to Dismiss based on prejudicial pre-trial delay.
>
> Assignment of Error IV:
> Petitioner's was denied effective assistance of counsel in violation of his rights under the Sixth and Fourteenth Amendments to the United States Constitution, and Article I § 10 of the Ohio State Constitution.
>
> Assignment of Error V:
> The trial Court's instructions to the jury were incomplete and inaccurate and therefore deprived Petitioner of a fair trial in violation of his rights under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, and Article I § 10 of the Ohio State Constitution.
>
> Assignment of Error VI:
> The verdicts are against the sufficiency of the evidence in violation of Petitioner's rights under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, and Article I § 10 of the Ohio State Constitution.
>
> Assignment of Error VII:
> The verdicts are against the manifest weight of the evidence in violation of Petitioner's rights under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, and Article I § 10 of the Ohio State Constitution.
>
> Assignment of Error VIII:
> Petitioner's convictions for engaging in a pattern of corrupt activity, a felony of

the first degree, and conspiracy, a felony of the third degree, violated Ohio Revised Code § 2945.75(A)(2) because the jury verdicts did not include the degree of the offense, nor any aggravating elements.

Assignment of Error IX:
The cumulative effect of all of the errors committed in this case deprived Petitioner of a fair trial in violation of his rights under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, and Article I § 10 of the Ohio State Constitution.

GROUND X:
The trial Court erred in imposing sentences for allied offenses of similar import.

(Docket # 1-C).

On February 13, 2012, the Ninth District Court of Appeals affirmed in part and remanded in part the trial Court's judgment. (Docket #15-2, at 141); *State v. Ross*, 2012-Ohio-536 (Ohio App. 2012). The Ninth District remanded Petitioner's case for the trial Court to consider an allied offense issue (Ground Nine of the Petition) and resentence Petitioner. (Docket #15-2 at 194, 225); *Ross, supra*. Moreover, the Appellate Court declined review of a multiplicity claim (Ground Two of the Petition), because it depended on resolution of the allied offense issue. (Docket #15-2, at 229); *Ross, supra*. Petitioner does not dispute that two counts in his Petition for Habeas Corpus are unexhausted because the Ohio State Courts are still adjudicating his sentencing claim. (Docket #17, at 2.)

Petitioner sought further review of the Ninth District Court of Appeals' ruling with the Ohio State Supreme Court. In Petitioner's memorandum in support of jurisdiction, he asserted the following three propositions:

Proposition of Law I:
A failure to give complete and accurate instructions to the jury regarding co-conspirator testimony required by Ohio Revised Code § 2923.01(H)(2) is "plain error" and thereby results in a violation of the constitutional right to a fair trial.

Proposition of Law II:
A conviction for the offense of engaging in a pattern of corrupt activity must be based on a jury determination as to what alleged predicate acts constitute a pattern of corrupt activity.

Proposition of Law III:
Petitioner was denied the effective assistance of counsel in violation of the Sixth and Fourteenth Amendments to the United States Constitution and Article X of the Ohio State Constitution.

(Docket # 1-A).

On June 20, 2012, the Ohio State Supreme Court declined to accept jurisdiction for review. Following the Ohio State Supreme Court's ruling, Petitioner did not file a Petition for Certiorari in the United States Supreme Court.

On June 27, 2013, Petitioner filed a Federal Writ of Habeas Corpus in this Court. Petitioner raises nine grounds for relief in his Petition:

| | |
|---|---|
| GROUND ONE: | Counts one and two of the Indictment are insufficient to charge the offense of engaging in a pattern of corrupt activity because each fails to set forth the acts which are alleged to constitute a pattern of corrupt activity |
| Supporting Facts: | Counts One and Two of the Indictment in this case do not list the specific predicate acts which support the charges. |
| GROUND TWO: | Fifth and Fourteenth Amendment; Article I § 10 of the Ohio State Constitution |
| Supporting Facts: | The Indictment contains multiple, undifferentiated charges and violates a Defendant's right to notice and the right to plead double jeopardy. |
| GROUND THREE: | The trial Court erred in denying Petitioner's Motion to Dismiss based on prejudicial pre-trial delay |
| Supporting Facts: | There was a delay of over four years between the offenses and the Indictment, during which time two witnesses who would have provided helpful testimony to Petitioner died. |
| GROUND FOUR: | Sixth and Fourteenth Amendment, Article I § 10 of the Ohio State Constitution |
| Supporting Facts: | Trial Counsel failed to file pretrial motion which would have supported Petitioner's constitutional rights to a fair trial, failed to object to prejudicial hearsay testimony, failed to present the conflict of interest and bias of the Prosecutor's Office who had represented and advised Petitioner in his position as County Commissioner and then who served as a key State's witness at trial against Petitioner. Counsel was ineffective in failing to strike a juror who had worked for Lorain National Bank where Petitioner has his accounts and who knew a State's witness and who had been privy to financial information concerning Petitioner and Co-Defendant Jones. Trial counsel filed several motions to withdraw from the case due to |

|  |  |
|---|---|
|  | Petitioner's inability to pay legal fees and the trial Court allowed years to go by before finally appointing the same lawyer and thereby forcing Petitioner's trial counsel to proceed to trial. |
| GROUND FIVE: | Fifth, Sixth, and Fourteenth Amendments; Article I § 10 of the Ohio State Constitution |
| Supporting Facts: | The jury instruction in this case omitted language helpful to Petitioner, and incorrectly defined the offense of engaging in a pattern of corrupt activity. Particularly the instruction failed to provide that "the testimony of a person who you find to be an accomplice should be viewed with grave suspicion and weighed with caution." This instruction is statutorily required to help insure a fair trial. |
| GROUND SIX: | Fifth, Sixth, and Fourteenth Amendments; Article I § 10 of the Ohio State Constitution |
| Supporting Facts: | The evidence presented at trial was conflicting, inconsistent, and inconclusive. Document evidence consisted mainly of co-conspirator Larry Jones' business records which he later admitted to being fabricated (Docket # 1-B.) In addition, Ross was convicted of failing to file a state tax return with no evidence that proved that Ross had a legal duty to file a state tax return for the year in question. As to the unlawful interest counts, all of the contracts were subjected to the County's bidding process and were for necessary services. The only evidence that Jones had an interest in a company owned by Petitioner was Jones' uncorroborated testimony. |
| GROUND SEVEN: | Fifth, Sixth, and Fourteenth Amendments; Article I § 10 of the Ohio State Constitution |
| Supporting Facts: | See Supporting Facts for Ground Six. |
| GROUND EIGHTH: | Fifth, Sixth, and Fourteenth Amendments; Article I § Section 10 of the Ohio State Constitution |
| Supporting Facts: | The series of errors when considered together deprived Petitioner of a fair trial. No bill of particulars was filed and the jury instructions do not provide a factual basis to distinguish between charged. Dates of alleged crimes are arbitrary and overlap each other and they do not correspond |

to any dates of important events. The trial Court gave identical charges on engaging, conspiracy and bribery without differentiating what conduct correspond to which charge.

GROUND NINE: Err in imposing sentencing for allied offenses of similar import

Supporting Facts: The trial Court sentenced Petitioner for the offense of engaging in a pattern of corrupt activity, and the allied predicate offenses of conspiracy, money laundering, bribery, and unlawful interest in a public contract. While the Ninth District Court of Appeals remanded this matter back to the trial Court on Counts Eight and Ten(Docket # 1-C) for resentencing. The trial Court has yet to comply with the mandate of the Ninth District Court of Appeals.

(Docket # 1).

On October 17, 2013, Respondent moved to dismiss the Petition for Writ of Habeas Corpus as a mixed petition, encompassing both exhausted and unexhausted claims. (Docket #15.) On November 18, 2013, Petitioner filed an Opposition to Respondent's Motion to Dismiss. (Docket #16.) Moreover, in the Judicial Notice filed on February 27, 2014, Petitioner asks the Court to stay and abey the Petition for Writ of Habeas Corpus, pending resolution of Petitioner's ongoing State Court proceedings. (Docket # 17.)

The Magistrate Judge issued his Report and Recommendation on March 26, 2014. (Docket #18.) The Magistrate Judge recommends that the Petition for Writ of Habeas Corpus be dismissed, without prejudice, as Petitioner's claims have not been fully exhausted in State Court. 28 U.S.C. § 2254(b). In finding that the instant Petition is mixed, containing both exhausted and unexhausted claims, the Magistrate Judge identified four courses of action available to a District Court under these circumstances:

I. Dismissing the Petition in its entirety;

II. Stay the Petition and hold it in abeyance while the Petitioner returns to State Court to raise his unexhausted claims;

III. Permit the Petitioner to dismiss the unexhausted claims and proceed with the exhausted claims; OR

IV. Ignore the exhaustion requirement altogether and deny the Petition on the merits, if none of Petitioner's claims has any merit.

*Harris v. Laffler*, 553 F.3d 1028, 1031-32 (6th Cir. 2009) (citing *Rhines v. Weber*, 544 U.S. 269, 274-78 (2005); 28 U.S.C. § 2254(b)(3)). Moreover, the Magistrate Judge addressed the very limited circumstances under which a Federal District Court can exercise "limited discretion," in staying and abeying a Petition for Writ of Habeas Corpus, if the Petitioner meets the criteria set forth in *Rhines*.

The Magistrate Judge found no basis upon which the Court should stay the Petition for Writ of Habeas Corpus, and hold it in abeyance while Petitioner's ongoing State Court proceedings are resolved, stating as follows:

> Here, the Petition is mixed, with both exhausted and unexhausted claims. (Docket # 15, 17.) Further Petitioner does not yet have a final sentence entered against him; rather the Ninth District Court of Appeals ordered a resentencing hearing. *See Eberle v. Warden, Mansfield Corr. Inst.*, 532 F. App'x 605, 610 (2013) (suggesting a resentencing that is not for a technical error ans is issued following a resentencing hearing will be a new sentence from which the statute of limitations begins.) The Magistrate Judge agrees with the Respondent's argument that Petitioner is in no danger of the statute of limitations expiring before he returns to federal court at this point. This is because his asserted grounds for relief will not become time-barred until one year after the date his new sentence becomes final.
> Following review, the Magistrate Judge recommends that Respondent's Motion to Dismiss (Docket # 15) be granted and the Petition for Writ of Habeas Corpus be dismissed, without prejudice, pending exhaustion of Petitioner's claims in State Court.

Report and Recommendation (Docket # 18) at pp. 3-4.

On April 14, 2014, Petitioner filed his Objection to Report and Recommendation of the Magistrate Judge. (Docket # 19.) Petitioner reiterates the arguments presented to the Magistrate

Judge. Petitioner argues that his circumstances fall within the limited *Rhine* circumstances, allowing the Court, in exercising its limited discretion, to stay the Petition and hold it in abeyance while Petitioner returns to State Court to exhaust his previously unexhausted claims. Moreover, Petitioner contends that case at bar is distinguishable from *Laffler* because Petitioner's unexhausted claims are in danger of becoming time-barred. Finally, Petitioner argues that the trial Court did not have the authority to conduct a de novo re-sentencing and urges the Court to implement the three-step "stay-and-abey" procedure used in *Pliler v. Ford*, 542 U.S. 225, 230-31.

### Standard of Review for a Magistrate Judge's Report and Recommendation

The applicable standard of review for a Magistrate Judge's Report and Recommendation depends upon whether objections were made to that report. When objections are made to a Report and Recommendation of a Magistrate Judge, the District Court reviews the case de novo. FED. R. CIV. P. 72(b) states:

> The District Judge must determine de novo any part of the Magistrate Judge's disposition that has been properly objected to. The District Judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the Magistrate Judge with instructions.

### Conclusion

The Court reviewed *de novo* those portions of the Magistrate Judge's Report and Recommendation to which objection has been made. *See* Fed. R. Civ. P. 72(b). The Court finds Magistrate Judge Knepp's Report and Recommendation to be thorough, well-supported, and correct. The Magistrate's Report and Recommendation fully and correctly addresses all of Petitioner's claims. Moreover, Petitioner's objections are without merit, and the Court finds the objections raise no factual or legal arguments that have not been fully addressed by the Magistrate Judge's Report and Recommendation.

After careful evaluation of the Record, this Court adopts the findings of fact and conclusions of law of the Magistrate Judge as its own. The Court ADOPTS the Report and Recommendation of the Magistrate Judge (Docket #18) in its entirety. Respondent's Motion to Dismiss the Habeas Petition, on the basis that Petitioner has failed to exhaust his State Court remedies (Docket #15), is GRANTED. The Petition for Writ of Habeas Corpus (Docket #1) is DISMISSED WITHOUT PREJUDICE, pending resolution of Petitioner's State Court proceedings.

### Certificate of Appealability

Pursuant to 28 U.S.C. § 2253, the Court must determine whether to grant a certificate of appealability as to any of the claims presented in the Petition. 28 U.S.C. § 2253 provides, in part, as follows:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the Court of Appeals from --
>
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State Court; or
>
> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

In order to make "substantial showing" of the denial of a constitutional right, as required under 28 U.S.C. § 2255(c)(2), a habeas prisoner must demonstrate "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issue presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (1983).)

Where a District Court has rejected the constitutional claims on the merits, the petitioner must demonstrate only that reasonable jurists would find the District Court's assessment of the constitutional claims debatable or wrong. *Slack*, 529 U.S. at 484. Where the petition has been denied on a procedural ground without reaching the underlying constitutional claims, the Court must find that the petitioner has demonstrated that reasonable jurists could debate whether the petition states a valid claim of the denial of a constitutional right *and* that reasonable jurists could debate whether the District Court was correct in its procedural ruling. *Id.* "Where a plain procedural bar is present and the District Court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the District Court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

For the reasons states in the Magistrate Judge's Report and Recommendation, a reasonable jurist could not conclude that dismissal of the Petition is in error or that Petitioner should be permitted to proceed further. Accordingly, the Court declines to issue a certificate of appealability.

IT IS SO ORDERED.

_/s/ Donald C. Nugent_
DONALD C. NUGENT
United States District Judge

DATED: _July 7, 2014_